# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Joenell L. Rice,** | **Case No. 1:21cv419** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **James Jenkins, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

*Pro se* Plaintiff Joenell L. Rice, a federal prisoner, has filed a civil rights complaint in this matter against defense attorney, James Jenkins; prosecuting attorney, Kevin R. Filiatraut; and "Northern District of Ohio Sixth Circuit Court." (Doc. No. 1). Plaintiff contends his constitutional rights were violated in his federal criminal case in this District, and he seeks $40 million in damages.

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Federal district courts, however, are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). To survive scrutiny under 28 U.S.C. § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 471 (dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915(e)(2)(B)).

The Court finds that Plaintiff's Complaint must be summarily dismissed under § 1915(e)(2)(B) for failure to state a claim.

Plaintiff has alleged that his defense attorney, James Jenkins, provided ineffective assistance of counsel in his criminal case in this District. (Doc. No. 1 at 3-5). He also alleges that the prosecuting attorney in his criminal case "lied" to the assigned judge on his case to classify Plaintiff as an armed career criminal, which resulted in a longer sentence. *Id.* at 5-6. Although it is not entirely clear what Plaintiff's claims are against the "Northern District of Ohio Sixth Circuit Court," Plaintiff states that "the court granted a bogus[] motion" and "al[lowed] this unlawfully [to] happen to me." *Id.* at 7.

Rice's claims arise, if at all, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 2001, 29 L. Ed. 2d 619 (1971). *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (district court properly construed action as a *Bivens* action where plaintiff alleged that he was deprived of a right secured by the United States Constitution by persons acting under color of federal law) (citing *Bivens*). *Bivens* authorized damages actions against individual federal officials for alleged civil rights violations, but not federal agencies or entities. *See FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994)("[T]he purpose of Bivens is to deter the officer….An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). The "Northern District of Ohio Sixth Circuit Court," a defendant in this case, may therefore not be sued for damages under *Bivens*.

Moreover, *Bivens* provides a cause of action against federal officials acting under color of federal law for certain limited constitutional violations: (1) Fourth Amendment search and seizure; (2) Fifth Amendment gender-discrimination; and (3) Eighth Amendment cruel and unusual punishment. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017). The Supreme Court

reemphasized in *Ziglar* that federal courts should refrain from extending *Bivens* actions beyond the three existing contexts absent certain factors. *Id.* at 1857 (stating that expanding the *Bivens* remedy is a "disfavored activity"). Plaintiff's claims in which he challenges his conviction or sentence are not recognized under *Bivens* and must therefore be dismissed. But even if *Bivens* were extended to this context, those claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or sentence, or other harm caused by actions whose alleged unlawfulness would render the conviction or any part of the sentence invalid, a plaintiff must first show that the underlying conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998) (holding that while *Heck* concerned an action brought under § 1983, *Heck*'s holding applies equally to *Bivens* actions). A prisoner may therefore not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck*, 512 U.S. at 486-87. The holding in *Heck* has been extended to actions seeking injunctive and declaratory relief as well as to damage claims. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (injunctive relief intertwined with request for damages).

Here, Plaintiff's claims against the defendants necessarily imply the invalidity of his conviction or his sentence in his criminal case. Accordingly, because there is no suggestion in his complaint that his conviction has been set aside or his sentence has been invalidated in any of the

ways articulated in *Heck*, his complaint alleges no cognizable civil rights claim and dismissal of his case is required on this ground alone.

Accordingly, Plaintiff has failed to allege any plausible claim upon which relief may be granted against Defendants. Plaintiff's Complaint is therefore dismissed in accordance with 28 U.S.C. § 1915(e). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

 s/Pamela A. Barker
PAMELA A. BARKER
Date: 6/22/2021                     U. S. DISTRICT JUDGE